

FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| OSCAR MACHADO,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | CV 08-7034-CAS (SH)<br><br>ORDER GRANTING RELIEF FROM JUDGMENT |

On October 24, 2008, the court permitted pro se prisoner Plaintiff to file his civil rights complaint without prepayment of the filling fee pursuant to 28 U.S.C. § 1915. By Order to Show Cause dated March 13, 2009, Plaintiff was asked to show cause why this action should not be dismissed without prejudice for Plaintiff's failure timely to pay the initial partial filing fee of ten dollars. On April 27, 2009, United States District Judge Stotler entered a judgment dismissing the action without prejudice for failure to comply

1 | with 28 U.S.C. § 1915.

2 |     On May 26, 2009, Plaintiff timely filed a Request for Leave From Both Default
3 | and the Appearance of Default.[1] Plaintiff declares that he mailed a money order in the
4 | amount of ten dollars to the court on March 26, 2009, and attaches as Exhibit A, a copy
5 | of the money order and a cover letter addressed to the United States District Court. The
6 | court construes Plaintiff's Request as a request to set aside the Judgment under Fed. R.
7 | Civ. P. 60(b).

8 |     A district court has discretion to set aside default judgments in cases of "mistake,
9 | inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). It appears that
10 | Plaintiff mailed his ten-dollar payment toward the filing fee within the time for response
11 | permitted in the court's Order to Show Cause. Through some mistake, that payment did
12 | not appear on the court's docket before the Judgment of dismissal was entered.
13 | Moreover, there is no indication that Defendants will suffer any prejudice based on grant
14 | of Plaintiff's request. Accordingly, Plaintiff is entitled to grant of his Request for Leave
15 | From Default. See Fed. R. Civ. P. 60(b)(1) (allowing relief from judgment entered as a
16 | result of mistake); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350
17 | (9th Cir. 1999) ("mistake" in Rule 60(b)(1) includes mistake of fact by the court).
18 | \\\
19 | \\\
20 | \\\

---

[1] The court docket reflects that Plaintiff's Request was filed on June 9, 2009. However, under the prison mailbox rule, Plaintiff's Request was filed on the date he signed it and placed it in the prison mail, which was May 26, 2009. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)(finding that notice of appeal had been filed at the time prisoner delivered it to prison authorities for mailing); Douglas v. Noelle, 567 F.3d 1103, 1106-08 (9th Cir. 2009)(holding that the Houston mailbox rule applies to § 1983 lawsuits filed by pro se prisoners).

1  **IT IS THEREFORE ORDERED** that Plaintiff's Request for Leave From Both
2  Default and the Appearance of Default is **GRANTED**, and the Judgment of dismissal is
3  **VACATED**.
4  **IT IS FURTHER ORDERED** that the clerk shall serve a copy of this Order on
5  the Plaintiff and Defendants.

7  DATE: _August 10, 2009_    _Christina A. Snyder_
8                                                        CHRISTINA A. SNYDER
                                                      United States District Judge

11  Presented by:
12  Dated: _8/6/09_

15  _[signature]_
16  STEPHEN J. HILLMAN
    United States Magistrate Judge